ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| MIEMBROS DE LA SUCESIÓN DE ISABEL RAMIREZ, T/C/P ISABEL NARVÁEZ RAMIREZ Y POR ISABEL RAMIREZ MORENO E ISABEL NARVÁEZ COMPUESTA POR ELIZABETH NARVAEZ ROBINSON T/C/P ELIZABETH ROBINSON, COLLEN ANN NARVAEZ, KATHERIN BRIDGET NARVAEZ<br><br>Parte Apelante<br><br>v.<br><br>MIEMBROS DE LA SUCESIÓN DE GILBERTO RAMIREZ ACOSTA COMPUESTA POR IVONNE RAMIREZ T/C/P IVONNE ROSADO, WILMA RAMIREZ, LYDIA RAMIREZ Y ALYANA RAMIREZ, ELISA MORALES ITHIER, JOHN DOE, RICHARD ROE, JUAN DEL PUEBLO Y JUANA PÉREZ<br><br>Parte Apelada | TA2026AP00395 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: MZ2020CV00253<br><br>Sala: 206<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.[1]

Monge Gómez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de junio de 2026.

Compareció ante este Tribunal la parte apelante, la Sucesión de Isabel Ramírez tcc Isabel Narváez Ramírez, Isabel Ramírez Moreno e Isabel Narváez compuesta por la Sra. Elizabeth Narváez Robinson (en

---

[1] De conformidad con la OATA-26-0045, se designó a la Hon. Giselle Romero García, en sustitución del Hon. Felipe Rivera Colón, toda vez que este último dejó de ejercer funciones como juez de apelaciones, efectivo el 4 de mayo de 2026.

adelante, "Apelante"), mediante recurso de apelación presentado el 17 de abril de 2026. Nos solicitó la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (en adelante, "TPI"), el 10 de febrero de 2026, notificada y archivada en autos el 12 del mismo mes y año. Mediante el referido dictamen, el TPI desestimó, con perjuicio, la "**Demanda**" presentada por la Sra. Isabel Narváez Ramírez.

Por los fundamentos que expondremos a continuación, *revocamos* la *Sentencia* apelada.

**I.**

Los hechos del presente caso se originan el 24 de febrero de 2020, fecha en que la Sra. Isabel Ramírez tcc Isabel Narváez Ramírez, Isabel Ramírez Moreno e Isabel Narváez, por conducto de su tutor legal, el Sr. Harry Narváez Munet, presentó una "**Demanda**" contra los miembros de la Sucesión del Sr. Gilberto Ramírez Acosta (en adelante, "Apelado"). Mediante la misma, se alegó que el Sr. Gilberto Ramírez Acosta falsificó la firma de la Sra. Isabel Narváez Ramírez con el propósito de abrir cuentas bancarias y transferir fondos a cuentas de los Apelados, a sabiendas de que ésta se encontraba incapacitada. Se indicó, además, que el propio Sr. Gilberto Ramírez Acosta había promovido un procedimiento para que se declarara incapaz a la Sra. Narváez Ramírez, y que, no obstante ello, continuó emitiendo cheques mediante los cuales se apropió indebidamente de aproximadamente $300,000.00.

Tras el fallecimiento de la Sra. Isabel Narváez Ramírez, la "**Demanda**" fue enmendada el 16 de junio de 2022 a los fines de incluir como partes a los miembros de su Sucesión, a saber, el Sr. Harry Narváez Munet y la Sra. Elizabeth Narváez Robinson. Posteriormente, el 24 de abril de 2024, la Sra. Elisa Socorro Morales Ithier presentó una "**Moción de Desestimación**" mediante la cual alegó que la causa de acción estaba prescrita. El 16 de mayo de 2024, la Apelante presentó su correspondiente *Oposición*. El 18 de junio de 2024, el TPI dictó *Resolución* declarando "No Ha Lugar" dicha petición al concluir que la causa de acción sobre la que versa el caso era una acción personal cuyo término prescriptivo era de cuatro (4) años y no de un (1) año.

Más adelante, el 10 de julio de 2025, el foro de instancia emitió *Sentencia Parcial* mediante la cual archivó el caso en cuanto a la Sra. Elisa Socorro Morales Ithier, debido a su fallecimiento. Posteriormente, falleció el Sr. Harry Narváez Munet, quedando como única parte promovente del pleito la Sra. Elizabeth Narváez Robinson.

Así las cosas, el juicio en su fondo se celebró el 27 de enero de 2026. La prueba desfilada consistió del testimonio del Sr. Peter Robinson, así como el de la propia Sra. Elizabeth Narváez Robinson. Finalmente, el 10 de febrero de 2026, el foro primario dictó *Sentencia* mediante la cual desestimó la causa de acción por entender que ésta se encontraba prescrita, apartándose de su determinación previa y tratándola como una acción de daños y perjuicios, a pesar de haber concluido anteriormente que se trataba de una acción de naturaleza personal.

Inconformes con dicha determinación, los Apelantes comparecieron ante este foro intermedio mediante el recurso de epígrafe, en el cual señalaron la comisión de los siguientes errores:

> **A. <u>PRIMER SEÑALAMIENTO DE ERROR</u>: ERRÓ EL TPI AL TOMAR CONOCIMIENTO JUDICIAL DE UN FRAGMENTO DEL INFORME PARTE DEL CASO CIVIL NÚM. ISRF201800364, SIN PERMITIR A LA PARTE APELANTE LA OPORTUNIDAD DE CONFRONTAR LA PRUEBA O PRESENTAR PRUEBA EN CONTRARIO, VIOLANDO LA REGLA 201 DE LAS REGLAS DE EVIDENCIA Y EL DEBIDO PROCESO.**

> **B. <u>SEGUNDO SEÑALAMIENTO DE ERROR</u>: ERRÓ EL TPI AL VIOLAR LA DOCTRINA DE LA LEY DEL CASO.**

> **C. <u>TERCER SEÑALAMIENTO DE ERROR</u>: ERRÓ EL TPI AL FIJAR EL INICIO DEL TÉRMINO PRESCRIPTIVO Y, EN CONSECUENCIA, DESMESTIMAR LA DEMANDA POR PRESCRIPCIÓN.**

El 22 de junio de 2026, la Sucesión del Sr. Gilberto Ramírez Acosta presentó su "**Alegato del Apelado**".

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

**II.**[2]

Con el propósito esencial de promover la estabilidad social y económica de las relaciones bilaterales, nuestro ordenamiento jurídico ha instituido, mediante el Código Civil, disposiciones legales que regulan la figura de la prescripción y las formas de interrumpirla.

El Artículo 1861 regula la figura de prescripción y dispone que "[l]as acciones prescriben por el mero lapso del tiempo fijado por la ley". 31 LPRA sec. 5291. A raíz de ello, nuestro máximo foro ha definido la prescripción como "una figura que extingue un derecho debido a que una parte no lo ejerce en un período de tiempo determinado por ley". Rivera Ruiz v. Mun. De Ponce, 196 DPR 410, 415 (2016).

En cuanto a la prescripción extintiva, el plazo o término provisto por la ley para el ejercicio de un derecho o acción juega un rol esencial en instrumentar el interés del estado en la solución rápida de las controversias. Por esto, el plazo dispuesto está predicado en el objetivo de (1) proteger al deudor de reclamaciones tan remotas que lo posicionen en un estado de indefensión y (2) estimular el pronto reclamo de las obligaciones legales y procurar, por tanto, la tranquilidad del obligado contra la pendencia indefinida de una acción legal en su contra. Cintrón v. E.L.A., 127 DPR 582, 588-589 (1990).

La prescripción es una institución que se fundamenta "en el imperativo de castigar la inercia en el ejercicio de los derechos" para con ello, evitar litigios de difícil adjudicación por su antigüedad. Zambrana Maldonado v. E.L.A., 129 DPR 740, 751 (1992). Así es que "la prescripción extintiva está basada en una presunción 'iuris tantum' de abandono, que admite prueba en contra, la existencia de una voluntad manifestada y probada, contraria a la prescripción, destruye aquella presunción, quedando impedida su consumación". Íd., pág. 752.

En ese sentido, reconocidos tratadistas han sostenido que la ley establece un término para el ejercicio de los derechos, cuyo transcurso

---

[2] Debido a que los hechos del presente caso se suscitaron previo a la vigencia del Código Civil de 2020, las disposiciones legales que se utilizarán para fundamentar nuestro dictamen están basadas en el derogado Código Civil de 1930. Véase, Artículo 1814 del Código Civil de 2020, 31 LPRA sec. 11719.

genera una presunción de renuncia o abandono de la acción destinada a reclamarlos. J. Puig Brutau, Caducidad, prescripción extintiva y usucapión, 3ra ed., Barcelona, Ed. Bosch, 1996, pág. 92. El establecimiento de estas normas obedece a consideraciones de política pública estatal, cuya determinación corresponde exclusivamente a la Legislatura y se enmarca en la amplia discreción de la que dispone para fijar el término dentro del cual puede presentarse una reclamación. SLG García-Villega v. ELA *et al.*, 190 DPR 799 (2014); Alicea v. Córdoba, 117 DPR 676 (1986); Culebra Enterprises Corp. v. E.L.A., *supra*. De este modo, se impide que el poder público ampare indefinidamente derechos que no han sido ejercitados por su titular y se promueve la estabilidad de las relaciones jurídicas, así como la seguridad en el tráfico jurídico. COSSEC et al. v. González López et al., *supra*; Campos v. Cía. Fom. Ind., 153 DPR 137 (2001); Culebra Enterprises Corp. v. E.L.A., *supra*.

En lo que respecta a la causa de epígrafe, el Artículo 1864 del derogado Código Civil dispone el término prescriptivo aplicable a las acciones personales. En detalle, el referido Artículo lee como sigue:

> La acción hipotecaria prescribe a los veinte (20) años, y las personales que no tengan señalado término especial de prescripción, a los quince (15). 31 LPRA sec. 5294.

**III.**

En el presente caso, la Apelante nos solicitó la revocación de la *Sentencia* del TPI mediante la cual se desestimó la "**Demanda**" interpuesta en contra del Apelado.

Los señalamientos de error esgrimidos se encuentran íntimamente relacionados, por lo que se discutirán de manera conjunta. En síntesis, la Apelante sostiene que el TPI erró al: (1) tomar conocimiento judicial de un fragmento del informe parte del caso núm. ISRF201800364, sin permitirle la oportunidad de confrontar la prueba; (2) violar la doctrina de la ley del caso y al (3) fijar el inicio del término prescriptivo. Veamos.

Del expediente ante nuestra consideración surge que, el 24 de febrero de 2020, la Sra. Isabel Narváez Ramírez, a través de su tutor legal, presentó una "**Demanda**" contra los integrantes de la Sucesión Ramírez Acosta. En esencia, alegó que el Sr. Gilberto Ramírez Acosta falsificó su

firma con el propósito de abrir cuentas bancarias y transferir fondos a cuentas de los Apelados, a sabiendas de que ésta se encontraba incapacitada. Posteriormente, la Sra. Elisa Morales Ithier presentó una "**Moción Solicitando Desestimación**", fundamentada en que la causa de acción estaba prescrita. Dicha solicitud fue declarada "No Ha Lugar" mediante *Resolución* de 18 de junio de 2024, en la cual el Tribunal determinó que la acción ejercitada era de naturaleza personal, y no una de daños y perjuicios.

Así las cosas, y tras varios trámites procesales, el juicio en su fondo se celebró el 27 de enero de 2026. La prueba desfilada consistió en el testimonio del Sr. Peter Robinson, así como en el de la propia Sra. Elizabeth Narváez Robinson. Finalmente, el 10 de febrero de 2026, el foro *a quo* dictó *Sentencia* mediante la cual desestimó la causa de acción por entender que esta se encontraba prescrita al haberse presentado luego de expirado el término prescriptivo de un (1) año de las acciones de daños y perjuicios.

Conforme adelantáramos en los acápites anteriores, las acciones prescriben por el mero transcurso del tiempo fijado por la ley. 31 LPRA sec. 5291. En lo pertinente, el derogado Código Civil disponía que las acciones personales que no tuvieran señalado un término especial prescribían a los quince (15) años, mientras que las acciones de daños y perjuicios estaban sujetas a un término prescriptivo de un (1) año. 31 LPRA sec. 5294.

Tras un análisis integral y detenido del expediente ante nuestra consideración, incluyendo la "**Demanda**", la transcripción de la prueba oral y la *Sentencia* apelada, hemos arribado a la conclusión de que el foro de instancia erró al desestimar la causa de acción interpuesta en contra del Apelado. Nos explicamos.

De entrada, es menester destacar que la naturaleza de la acción ejercitada es determinante para efectos de fijar el término prescriptivo aplicable. Del propio expediente surge que el TPI, mediante *Resolución* de 18 de junio de 2024, determinó que la acción incoada era de carácter personal y no una de daños y perjuicios. Sin embargo, al dictar *Sentencia*, aplicó un término prescriptivo incompatible con dicha determinación.

Sabido es que las acciones personales que no tienen un término especial de prescripción están sujetas al plazo dispuesto en el Artículo 1864 del derogado Código Civil, *supra*. En ese contexto, la reclamación presentada, dirigida, en esencia, a recobrar fondos presuntamente apropiados de forma indebida, responde a una acción de cobro de dinero, la cual es de naturaleza personal. En consecuencia, el foro *a quo* erró al aplicar un término prescriptivo distinto al correspondiente a este tipo de acción y, por consiguiente, al concluir que la reclamación estaba prescrita, al concluir que se trataba de una causa de acción de daños y perjuicios. Ello resulta contrario no solo a la normativa aplicable, sino también a su propia determinación previa sobre la naturaleza de la causa de acción en cuestión.

Al examinar las alegaciones consignadas en la "**Demanda**", su enmienda y la prueba presentada, según se desprende de la TPO, notamos que la causa de acción incoada en el caso de autos no estuvo basada en daños y perjuicios, sino más bien, lo que persiguió fue el cobro y/o restitución del dinero que presuntamente el Sr. Gilberto Ramírez Acosta se apropió ilegalmente. Tampoco se desprende de la TPO que la prueba hubiera enmendado las alegaciones. Todo lo contrario, surge del testimonio de la Apelante que su intención al continuar con la presente causa de acción era "que el dinero que fue robado que [fuera] devuelto a la … a la propiedad de la señora Isabel y … para la herencia de sus hijos".[3] Por tanto, contrario a la percepción del TPI sobre el tipo de causa de acción, somos de la opinión de que el presente es un caso basado una acción personal exclusivamente, puesto que no se reclamó cuantía por daños y perjuicios.

En suma, no procedía desestimar la causa de acción por el fundamento de prescripción, toda vez que el término aplicable no había transcurrido conforme al derecho vigente y a la correcta calificación jurídica de la acción ejercitada. En consecuencia, procede revocar el dictamen apelado y devolver el caso al TPI para que, a la luz de la prueba

---

[3] *Véase*, Transcripción de la prueba oral, pág. 99.

presentada, adjudique la procedencia de la causa de acción instada en la "**Demanda Enmendada**".

**IV.**

Por los fundamentos que anteceden los cuales hacemos formar parte integral del presente dictamen, *revocamos* la *Sentencia* apelada.

Se devuelve el caso al foro primario para que, a la luz de la prueba presentada, adjudique la procedencia o no de la causa de acción incoada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones